**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**MCKINZLEY BOUNDS,**                                                        **PETITIONER**

**v.**                                                                                          **No. 3:04CV139-D-A**

**WARDEN MARION MASON, ET AL.**                                **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of McKinzley Bounds (# K7428) for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has answered. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be denied.

### Facts and Procedural Posture

The petitioner is in the custody of the Mississippi Department of Corrections and housed at the Mississippi State Penitentiary at Parchman, Mississippi. He was convicted by a jury of one count of sale of cocaine in the Second Judicial District of the Circuit Court of Yalobusha County, Mississippi. The petitioner was sentenced to serve a term of twenty years imprisonment in the custody of the Mississippi Department of Corrections.

The petitioner appealed his conviction and sentence to the Mississippi Court of Appeals, assigning as error the following:

    A.     The Trial Court Committed Reversible Error In Failing To Insure A Fair And Impartial Jury.

    B.     The Trial Court Committed Reversible Error By Allowing Into Evidence Videotape And Hearsay Testimony Contrary To Mississippi Rules Of Evidence.

> C. The Jury Verdict Was Against The Weight And Sufficiency Of The Evidence.

On November 5, 2002, the Mississippi Court of Appeals affirmed petitioner's judgment of conviction and sentence. *Bounds v. State*, 852 So.2d 51 (Miss. App. 2002), *reh'g denied,* January 7, 2003, *cert. denied,* April 17, 2003 (Cause No.2001-KA-01467-COA).

On January 13, 2004, the petitioner filed an "Application For Leave To File Motion For Post-Conviction Collateral Relief" with attached "Motion for Post Conviction Relief to Vacate And Set Aside Conviction and Sentence, alleging the following (as stated by the petitioner):

> A. Petitioner Mckinzley Bounds received ineffective assistance of counsel at trial, in violation of the 6th and 14th Amendments to the United States Constitution as well as the Constitution of the State of Mississippi. Petitioner's conviction and sentence rests upon insufficient indictment where his counsel failed, at trial, to raise such claim which would have resulted in the indictment and charge being amended and/or reduced. Counsel who failed to raise entrapment claim which was clearly available in the trial court.
>
> B. Petitioner Mckinzley Bounds received ineffective assistance of counsel in his direct appeal as of right, in violation of the 6th and 14th Amendments to the United States Constitution as well as the Constitution of the State of Mississippi where counsel failed to raise indictment issue on appeal.
>
> C. Petitioner was subject to a faulty indictment where the indictment charges petitioner in vague terms with "willfully, unlawfully, and feloniously, knowingly and intentionally sell, barter, transfer, distribute or dispense a controlled substance, to wit: cocaine" where such indictment should specify one charge only when each of the charges set out in the vague indictment require different elements of proof and therefore constitute multiple offenses.
>
> D. Petitioner's conviction and sentence constitute a violation of the 5th and 14th amendments to the United States Constitution where such charges were a result of illegal entrapment and inducement by the government. The government, in an effort to entrap petitioner, fabricated such charge.

E. Defense counsel failed to adequately investigate the charges and properly prepare a defense in a professionally and reliable manner, where crucial witnesses were not summoned to trial. As a result thereof, petitioner was convicted of the crime.

F. The Cumulative effect of the Ineffectiveness of counsel deprived Petitioner Bounds of his constitutional right to a fair trial and an effective direct first appeal, in violation of the 5th and 6th Amendments to the United States Constitution.

The Mississippi Supreme Court denied the application on May 7, 2004, holding that "Bounds' claim of ineffective assistance of counsel fails to meet the standard imposed by *Strickland v. Washington*, 466 U.S. 668 (1984) and his application will therefore be denied."

In the instant Petition for Writ of Habeas Corpus, Bounds raises the following grounds:

1. Petitioner was denied effective assistance of counsel in that defense counsel "failed to adequately investigate the charges and properly prepare a defense in a professionally and reliable manner, where crucial witnesses were not summoned to trial."

2. Petitioner was denied effective assistance of counsel "where counsel failed to raise the indictment issue on direct appeal."

3. Petitioner was denied effective assistance of counsel "where such charges were a result of illegal entrapment and inducement by the government."

4. Petitioner was denied effective assistance of counsel "in his direct appeal as of right, in violation of the 6th and 14th Amendments to the United States Constitution as well as the Constitution of the State of Mississippi where counsel failed to raise the indictment issue on direct appeal."[1]

5. Denial of due process of law in that the trial court "admitted evidence of a prior bad act over objections of petitioner where the evidence was highly prejudicial to defendant and where the Court of Appeals actually found that the trial judge should have given a *sua sponte* limiting instruction to the jury but the failure to do so was harmless."

---

[1]The petitioner's claims in Ground Four and Ground Two are legally identical.

6. Petitioner was denied his right to due process of law and right to a fair trial due to the cumulative effect of defense counsels ineffectiveness at trial and on appeal.

**Ground Five is Procedurally Barred**

Ground Five of the instant petition (the alleged introduction of evidence at trial of prior bad acts) has not been presented to the state's highest court in a procedurally proper manner; as such, it is now procedurally barred. *Sones v. Hargett*, 61 F.3d 410 (5th Cir. 1995)(when state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims.); *see also Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (federal review of a claim is barred in all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule); *see also Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998)(an inmate's failure to present claims to the proper state court creates a procedural default for purposes of federal habeas review). The petitioner failed to raise the issue on direct appeal or during the state post-conviction process. By raising the facts of Ground Five for the first time during federal *habeas corpus*, the petitioner waived having the Mississippi appellate courts review the issue on the merits. The petitioner has thus defaulted the claim in Ground Five, and this federal court is now precluded from reviewing the claim. The petitioner has not offered an explanation for his failure to present his issue in state court. As such, he has not shown cause for his default, nor prejudice resulting from the court's decision not to review the claim on the merits. *United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). In addition, there will be no "fundamental miscarriage of justice" if this claim is not heard on the merits. The "fundamental miscarriage of justice" exception is even more circumscribed than the cause and prejudice

exception and is confined to cases of actual innocence, "where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). The petitioner has made no such showing in this case. As such, the petitioner's request for relief set forth in Ground Five shall be denied.[2]

### Ineffective Assistance of Counsel: Grounds One, Two, Three, Four, and Six – Decided on the Merits in State Court

The Mississippi Supreme Court has already considered Grounds One, Two, Three, Four, and Six on the merits and decided those issues against the petitioner; hence, these claims are barred from *habeas* review by the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), unless they meet one of its two exceptions:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings *unless* the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id.* (emphasis added). The first exception, subsection (d)(1), applies to questions of law. *Morris v. Cain*, 186 F.3d 581 (5th Cir. 2000). The second exception, subsection (d)(2), applies to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). Since the petitioner's

---

[2]The record does not contain an instance of the state's use of evidence of prior bad acts to convict the petitioner. As such, even if the court were to decide this issue on the merits, the petitioner's claim would fail.

claims challenge both the application of law and the finding of fact, this court must consider the exceptions in both subsections.

Under subsection (d)(1), a petitioner's claim merits *habeas* review if its prior adjudication "resulted in a decision that was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law." *Id.* (emphasis added). A state court's decision is *contrary to* federal law if it arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law, or if it decides a case differently from the Supreme Court on a set of "materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523 (2000). A state court's decision involves an *unreasonable application of* federal law if it identifies the correct governing principle but unreasonably (not just incorrectly) applies that principle to facts of the prisoner's case; this application of law to facts must be *objectively* unreasonable. *Id.* at 1521. As discussed below, the petitioner has not shown that the Mississippi Supreme Court unreasonably applied the law to the facts, or that the court's decision contradicted federal law. Accordingly, the exception in subsection (d)(1) does not apply to Grounds One, Two, Three, Four, and Six of petitioner's claim.

Nevertheless, under § 2254(d)(2), these grounds may still merit review if those facts to which the supreme court applied the law were determined unreasonably in light of the evidence presented. Because the Mississippi Supreme Court is presumed to have determined the facts reasonably, it is the petitioner's burden to prove otherwise, and he must do so with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(e)(1). As discussed below, the petitioner has failed to meet this burden; as such, he cannot use subsection (d)(2) to move these claims beyond § 2254(d), which bars from *habeas* review

issues already decided on the merits.

Each of the remaining issues involve claims of ineffective assistance of counsel. To prevail on a claim of ineffective assistance on counsel, a federal *habeas corpus* petitioner must prove that counsel's performance was constitutionally deficient – *and* that he suffered actual prejudice as a result of the deficient performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (summarizing the *Strickland* standard of review). A petitioner's failure to establish either prong of the *Strickland* test warrants rejection of his claim. *Moawad v. Anderson*, 143 F.3d 942, 946 (5th Cir. 1998); *Bates v. Blackburn*, 805 F.2d 569, 578 (5th Cir. 1986)(overruled on other grounds). As discussed below, the petitioner has not shown that counsel's performance was deficient. As such, the court need not discuss the prejudice prong under *Strickland*.

## Ground One – Failure to Call Crucial Witnesses at Trial

The petitioner alleges that trial counsel failed to call crucial witnesses at trial. He does not, however, discuss who those witnesses are, what their testimony would be, or how their testimony would have changed the outcome of the trial. Conclusory allegations such as this, without more, are insufficient to sustain a federal petition for a writ of *habeas corpus*. *Collier v. Cockrell*, 300 F.3d 577, 587 (5th Cir. 2002). As such, the petitioner's claims in Ground One shall be denied.

## Grounds Two and Four – Failure to Raise the Indictment Issue

The petitioner argues in Grounds Two and Four that appellate counsel was ineffective for failing to raise "the indictment issue." The petitioner fails, however, to describe what he means by "the indictment issue." The court concludes that the indictment issue mentioned is the same

issue rejected by the Mississippi Supreme Court in the petitioner's state post-conviction case. The petitioner argued on post-conviction that the indictment was unconstitutionally vague because it charged him with multiple offenses requiring different elements of proof, *i.e.*, selling, bartering, transferring, distributing, or dispensing cocaine. Thus, the petitioner claims, his appellate attorney was ineffective in failing to raise the faulty indictment issue. This claim is frivolous.

>The pertinent part of the indictment reads:
>
>That, McKinzley Bounds, Jr. late of the County aforesaid, on or about the 8th day of March, in the year of our Lord, 2000, in the District, County and State aforesaid, and within the jurisdiction of this Court, did wilfully, unlawfully and feloniously, knowingly and intentionally *sell, barter, transfer, distribute or dispense* a controlled substance, to-wit: Cocaine, to Pam Bell for $125.00, in direct violation of Section 41-29-139(a), Mississippi Code 1972 Annotated, as amended, contrary to form of the Statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.

*See* State Court Record, Clerk's Papers (S.C.R., C.P.), p. 4. (emphasis added).

"As a general rule, where an indictment tracks the language of a criminal statute it is sufficient to inform the accused of the charge against him." *Byrom v. State*, 863 So. 2d 836, 867 (Miss. 2003) (quoting *Stevens v. State*, 808 So. 2d 908, 918 (Miss. 2002)). In the instant case, the indictment clearly apprises the petitioner of: (1) the charge against him, (2) the date of the drug sale, (3) the buyer, (4) the amount of money paid to petitioner for the cocaine, and (5) the precise section of the Mississippi Code under which the petitioner was charged. In addition, the indictment charging petitioner tracked the language of Section 41-29-139(a) of the Mississippi Code which provides, in pertinent part – and with emphasis added to highlight the tracking language at issue:

> (a) Except as authorized by this article, it is unlawful for any person knowingly or intentionally:
>
> > (1) To *sell*, *barter*, *transfer*, manufacture, *distribute*, *dispense* or possess with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance[.]

Indeed, the indictment could hardly have been clearer. Appellate counsel cannot be taken to task for failing to raise a frivolous claim on appeal. This claim is without merit and shall be denied.

### Ground Three – Failure to Assert Entrapment Defense

The petitioner argues that trial counsel should have asserted the defense of entrapment. Under Mississippi law, entrapment is "the act of inducing or leading a person to commit a crime not originally contemplated by him, for the purpose of trapping him for the offense." *Lyons v. State*, 766 So. 2d 38, 40 (Miss. App. 2000)(quoting *Walls v. State*, 672 So. 2d 1227, 1230 (Miss. 1996)). Entrapment is a risky defense because the defendant must first admit he committed the crime; only then may he argue that he did not originally contemplate the crime and that the state induced him to do so. The high risk involved in admitting all elements of a crime usually relegates entrapment to the status of "defense of last resort." In this case the entrapment defense is completely at odds with the petitioner's testimony at his criminal trial. The petitioner emphatically denied selling crack cocaine to the confidential informant in this case. Use of entrapment as a defense would thus have led to the following argument: "I did not sell cocaine to that woman, but if I did, then the state enticed me to do it." Although criminal defendants are entitled to plead in the alternative, they must bear in mind that jurors are human beings. Using denial of guilt *and* entrapment as defenses would render both defenses suspect in the eyes of a juror because it would undermine the petitioner's credibility.

"The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions;" *Strickland*, 466 U.S. at 690, and "court[s] must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689. As discussed above, the petitioner testified that he did not commit the crime of selling crack cocaine. Simultaneously admitting that he *did* sell cocaine at the urging of the state in an entrapment defense would eviscerate that defense. As such, trial counsel's decision not to pursue the defense of entrapment was a sound one, and the state court's decision regarding the effectiveness of counsel was reasonable in fact and in law. The petitioner's claim of ineffective assistance of counsel on this issue is therefore without merit and shall be denied.

## Ground Six: Cumulative Errors

The petitioner argues in Ground Six that the cumulative effect of the alleged errors of his counsel deprived him of his constitutional right to a fair trial and an effective direct first appeal. Cumulative error can be an independent basis for federal *habeas corpus* relief, but only where "(1) the individual errors involved matters of constitutional dimensions rather than mere violations of state law; (2) the errors were not procedurally defaulted for habeas purposes; and (3) the errors 'so infected the entire trial that the resulting conviction violates due process.'" *Westley v. Johnson*, 83 F.3d 714, 726 (5th Cir. 1996) (*citing Derden v. McNeel*, 978 F.2d 1453, 1454 (5th Cir. 1992)). Meritless claims – or claims that are not prejudicial – cannot be cumulated, regardless of the total number raised. *Derden*, 978 F.2d at 1461. As discussed above, none of the petitioner's claims has merit. As such, there are no attorney errors to

aggregate. The state court's decision regarding alleged cumulative errors by counsel was therefore reasonable in fact and in law, and Ground Six of the instant petition is without merit and shall be denied.

In sum, all of the petitioner's grounds for *habeas corpus* relief are either procedurally barred or without merit, and the instant petition for a writ of *habeas corpus* shall be denied. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 6th day of December, 2006.

/s/ Glen H. Davidson
CHIEF JUDGE